UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES WINDSTEAD,** *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>　　Defendants. | Civ. A. No. 04-887 (ESH/JMF) |

**MEMORANDUM ORDER**

This case was referred to me for settlement and resolution of discovery disputes. Currently pending before me is plaintiffs' Motion to Vacate Stay of Discovery [#23]. For reasons stated herein, it is, hereby, **ORDERED** that plaintiffs' motion is **GRANTED**, but it is furthered **ORDERED** that both settlement discussions and discovery in this matter are **STAYED** pending resolution of the District of Columbia's appeal in the related case Lightfoot v. District of Columbia, C.A. No. 01-1484.

**DISCUSSION**

On February 8, 2006, I issued a minute order staying discovery in this matter, until further order, pursuant to an agreement between the parties to stay discovery so that they could focus on settlement discussions. In moving to vacate the stay of discovery, plaintiffs' counsel has expressed that he no longer agrees to the stay and, therefore, I must vacate it. I note however that, without plaintiffs' counsel's agreement to stay discovery, defendants are under no obligation to continue their participation in settlement discussions. That said, I am, *sua sponte*, staying both

discovery and settlement discussions in this matter on other grounds.

On February 24, 2004, the District of Columbia ("the District") filed an appeal in the related case <u>Lightfoot v. District of Columbia</u>, C.A. No. 01-1484. The resolution of that appeal could have a significant impact on the present lawsuit. In <u>Lightfoot</u>, a class comprised of former District employees whose disability compensation benefits were terminated, suspended, or modified sued the District for, among other things, failure to adopt written and consistently applied standards, policies, and procedures governing the termination, suspension, and modification of disability compensation benefits in violation of the Due Process Clause of the Fifth Amendment and implicit adoption of unwritten practices regarding the termination, suspension, or modification of disability benefits without publishing notice in the *District of Columbia Register* and without public comment in violation of the District of Columbia Administrative Procedures Act ("DCAPA"). <u>Lightfoot v. District of Columbia</u>, 339 F. Supp. 2d 78, 81 (D.D.C. 2004), *appeal docketed*, No. 05-7028 (D.C. Cir. Feb. 24, 2005). On September 24, 2004, Judge Kollar-Kotelly granted a motion for partial summary judgment in the plaintiff class's favor finding that the District's "current system of administering the Disability Compensation Program for former District employees through unwritten 'best practices' and vague, unpublished internal directives fails to provide the kind of notice and accountability required by Due Process to check arbitrary decision-making" and that the District failed "to follow the publication requirements of the DCAPA." <u>Id.</u> at 95-96. On January 28, 2005, Judge Kollar-Kotelly denied the District's motion for reconsideration of her partial summary judgment order and, subsequently, the District appealed that denial.

The thirteen plaintiffs in the present case allege that the District (1) violated the Due

Process Clause of the Fifth Amendment by "arbitrarily and capriciously administering" its system of disability compensation benefits to District employees, Amended Complaint, ¶ 86, (2) conspired to deprive plaintiffs of due process under the law, id. at ¶¶ 90-92, (3) breached a purported contract to "provide expeditious if not immediate fixed benefits, regardless of fault and without litigation," id. at ¶ 95, and (4) intentionally inflicted emotional distress through their arbitrary and capricious administration of the disability compensation system, id. at ¶¶ 98-100. Plaintiffs' claims are fundamentally based on the District's alleged violation of the Due Process Clause.  If the court of appeals reverses Judge Kollar-Kotelly's decision finding that the District's system violated the Due Process Clause, such a reversal could significantly impact the nature and scope of the issues in this case, as well as the nature and scope of discovery and settlement discussions.  For the sake of efficiency, discovery and settlement discussions are stayed pending resolution of the District's appeal in Lightfoot.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: