## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES WINSTEAD, *et al.,*

      Plaintiffs,

      v.

THE DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

Civ. A. No. 04-887 (JMF)

## MEMORANDUM OPINION

This case was referred to me for all purposes including trial.  Currently pending before me is Plaintiffs [sic] (George Morgan, Juanita Irving, James Winstead, Louis Beale, Patricia Newby, Sheila Owens and Mary Waley) Motion for Motion for [sic] Reconsideration of the January 26, 2009 Order ("Plains. Mot.") [#81].  For the reasons stated herein, the motion will be granted.

As noted in previous opinions, plaintiffs are eleven current or former District of Columbia employees and the estates of two former District of Columbia employees who have made claims for disability compensation pursuant to the District of Columbia Comprehensive Merit Personnel System Act ("CMPA").[1] Winstead v. District of Columbia, 538 F. Supp. 2d 104, 107 (D.D.C. 2008).  Defendants are 1) the District of Columbia, 2) Mayor Adrian Fenty,[2] 3)

---

[1] On May 21, 2007, the estates of two individual plaintiffs were substituted as plaintiffs.

[2] Mayor Adrian Fenty was elected in November, 2006, and therefore replaces Mayor Williams as a named defendant.

James Jacobs, Director of the Office of Risk Management.[3] Id.  Both Fenty and Jacobs are sued

in their official capacities. Id.  On March 12, 2008, this Court 1) granted defendants' motion to

dismiss as to plaintiffs' § 1983 claim that the CMPA was facially unconstitutional, 2) granted

defendants' motion to dismiss plaintiffs' § 1985 claim that defendants conspired to deprive

plaintiffs of due process, 3) granted defendants' motion for summary judgment as to Morgan,

Irving, Winstead, Beale, Newby, Owens and Waley, and 4) denied defendants' motion for

summary judgment as to Rogers, Hayden, and Downing. Winstead, 538 F. Supp. 2d at 107-09,

129-30.  On January 26, 2009, this Court denied plaintiffs Morgan, Irving, Winstead, Beale,

Newby, Owens and Waley's motion for reconsideration of the Court's March 12, 2008 Order,[4]

which in turn granted defendants' motion for summary judgment as to these seven plaintiffs.[5]

These seven plaintiffs now move for reconsideration of the Court's 2009 Order.

In this Court's January 26, 2009 Memorandum Opinion, the Court held that the seven

plaintiffs could have either 1) sought review of the agency's actions under the District of

Columbia Administrative Procedure Act, D.C. Code § 2-510 (2001) ("DCAPA") or 2) sought a

writ of mandamus from the District of Columbia Court of Appeals pursuant to Rule 21 of the

District of Columbia Court of Appeals Rules.  Since they did not, the Court granted defendant's

motion for summary judgment and dismissed plaintiffs' claims on the grounds that they failed to

avail themselves of alternative judicial remedies.  The Court then ordered that the remaining

plaintiffs, Rogers, Hayden, and Downing, show cause why their cases should not also be

---

[3] The case against defendant Computer Literacy World/Creative Disability Management
was terminated on October 29, 2005.  See Stipulation of Dismissal Without Prejudice at [#20].
    [4] Winstead v. District of Columbia, 596 F. Supp. 2d 50 (D.D.C. 2009).
    [5] Winstead v. District of Columbia, 538 F. Supp. 2d 104 (D.D.C. 2008).

dismissed for the same reason.  Instead of receiving a filing from the remaining plaintiffs,

however, the seven plaintiffs who were dismissed filed another motion for reconsideration.

Having considered the motion and the opposition, I have now concluded that my earlier

conclusion that the availability of alternative forms of judicial relief precluded plaintiffs'

assertion that the delay they encountered violated their right not be to deprived of their property

without due process of law was wrong.  Accordingly, plaintiffs' current motion will be granted

and the Court's January 26, 2009 opinion, reported at <u>Winstead v. District of Columbia</u>, 596 F.

Supp. 2d 50 (D.D.C. 2009), will be vacated.

I begin with the acknowledgment that the federal courts have uniformly concluded that an

unreasonable delay in the state's administrative processing of a claim to benefits may constitute

the deprivation of property without due process of law, cognizable under 42 U.S. C. § 1983.[6]

<u>Kraebel v. N.Y. City Dep't of Hous. Pres. and Dev.</u>, 959 F.2d 395, 405 (2d Cir.)("due process

requires that eligibility for a variety of benefits be processed within a reasonable time") <u>cert.

denied</u>, 506 U.S. 917 (1992) ; <u>Schroeder v. Chicago</u>, 927 F.2d 957, 960 (7th Cir. 1991) ("The

cases on unreasonable delay are best understood as holding that implicit in the conferral of an

entitlement is a further entitlement, to receive the entitlement within a reasonable time."); <u>Kelly

v. R.R. Ret. Bd.</u>, 625 F.2d 486, 489 (3d Cir. 1980) (delay in processing of disability payments

can violate due process); <u>Machado v. Leavitt</u>, 542 F. Supp. 2d 185, 194 (D. Mass 2008)

(Sufficiently egregious delay in process entitlement may constitute a remediable constitutional

violation, even if the relevant statutory framework does not specify a time for agency action).

---

[6] All references to the United States Code and other statutes are to the electronic versions
in Westlaw or Lexis.

See Matthews v. Eldridge, 424 U.S. 319, 330 (1976) (interest of claimant in prompt resolution of eligibility permitted him to bypass the full exhaustion route).

Moreover, I have now discovered two well reasoned opinions that, while not binding in this Circuit, specifically reject my earlier conclusion that the availability of judicial relief with respect to delay in a state's administrative process precludes entertaining a § 1983 action premised on that delay.

In Kraebel, the court of appeals rejected the argument that plaintiff had all the process that was due because she could have addressed her claim of unreasonable delay in the administrative processing of her claim in a judicial  proceeding. 959 F.2d at 405.  It held that the mere availability of redress in state court did not satisfy her right to be free of unreasonable delay.  As the Supreme Court made clear in Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 541 (1985): "'[M]inimum [procedural] requirements [are] a matter of federal law, they are not diminished by the fact that the State may have specified its own procedures that it may deem adequate for determining the preconditions to adverse official action.'") (quoting Vitek v. Jones, 445 U.S. 480, 491 (1980)).  In other words, the sufficiency of the administrative process provided by state law may be challenged in an action in federal court irrespective of any available alternative state judicial remedies to challenge delay in that administrative process.

Building on Kraebel, the Colorado Court of Appeals reached the same conclusion in Walter v. City and County of Denver, 983 P.2d 88 (Colo. App. 1998), cert. denied, 1999 Colo. LEXIS 802 (Colo. Aug. 24, 1999).  It too rejected the contention that plaintiff experienced any deprivation of due process because plaintiff had judicial remedies available to redress the City's alleged delays in processing a claim for benefits.  The court stated: "The City, however, cannot

4

rely on the mere existence of a system of judicial enforcement to compensate for its allegedly

intentional efforts to delay the payment of benefits to which plaintiff was due." Id. at 91.

    My conclusion to the precise contrary was in error.  I now believe that determining

whether the delays plaintiffs have encountered violate due process requires the nuanced, factually

based analysis suggested by the Second Circuit in Kraebel:

> Keeping in mind these two unusual aspects of Kraebel's due
> process claim, the district court on remand bearing in mind the
> deference appropriately accorded by courts to executive agencies
> regarding practicalities encountered by those agencies in
> administering legislative programs, cf. Eldridge, 424 U.S. at
> 347-48, 96 S.Ct. at 908-09, should engage in a factual inquiry to
> determine whether the burdens and delays imposed by the city
> were reasonable.  It may consider a variety of additional factors in
> making this determination: the procedures actually used by the city
> to determine whether a landlord is entitled to the claimed excess
> SCRIE payments, the factors the city considers, the level of
> difficulty in making the determination, the amount of work
> required, the amount of decision-making discretion given to the
> employees, the need for and availability of administrative appellate
> review, the necessity for the paperwork and supporting
> documentation required, the amount of time required to process
> similar claims, and any other factors that may bear on whether "due
> process" is provided.  If, given the steps reasonably necessary to
> restore to Kraebel the rents kept from her by this program, the
> court finds that the city has taken an unduly long time to process
> her applications, the court should not hesitate to award damages,
> which may include interest, calculated at a market rate, from the
> time that the delay became unreasonable.

Kraebel, 959 F.2d at 406.  Accord Metsopulos v. Mascali, No. 86-CV-1826, 1986 WL 15343, at

*12 (D.N.J. Dec. 29, 1986) (following Kraebel in defining the nature of the factual inquiry to be

done).

    Since such an inquiry is now necessary, I will permit the parties 120 days of discovery in

which to flesh out the facts bearing on the inquiry that must be made.  For the edification of their

counsel and to advance the interest in efficient and effective discovery, I note two additional issues that strike me as most significant:

1.  Whether entitlement to relief under § 1983 is a function of each plaintiff's success or lack of it in the administrative process?  In other words, are plaintiffs who have now prevailed in that process to be treated differently from those who did not?  In addition, are those plaintiffs who claim to still await action (Irving, Rasheed, Downing, and Newby) entitled to any relief in the form of damages?

2.  What proof of actual injury is necessary to preclude an award of nominal damages to plaintiffs for the delay encountered?  See Carey v. Piphus, 435 U.S. 247 (1978).

In the meanwhile, my decision of January 26, 2009 will be vacated.  Additionally, I have now also concluded that my decision of March 12, 2008, reported at Winstead v. District of Columbia, 538 F. Supp. 2d at 104 (D.D.C. 2008), was similarly influenced by my incorrect conclusion as to the significance of the availability of alternative forms of judicial relief and must be vacated as well.  By the same token, the parties have no quarrel with my Statement of Undisputed Material Facts in the March 12, 2008 opinion and those facts will be deemed admitted by both sides, unless an objection is filed within ten days of this Opinion.  Finally, I will deem authentic and proof of the facts stated herein the statements in the Orders that are attached to plaintiffs' three Notices Regarding Supplemental Authority, i.e. Docket numbers 74. 75, and 76, insofar as they describe events that have occurred and orders issued in the course of the administrative proceedings affecting the plaintiffs named therein.

An Order accompanies this Memorandum Opinion.

_____/S/_____
JOHN M. FACCIOLA
U.S. Magistrate Judge

Dated:        June 3, 2009