# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES WINDSTEAD,** *et al.,* | |
| **Plaintiffs,** | |
| **v.** | **Civ. A. No. 04-887 (JMF)** |
| **THE DISTRICT OF COLUMBIA,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM ORDER

This case is before me for all purposes including trial.  Currently pending before me and ready for resolution are various discovery motions.

## BACKGROUND

In my decision of March 12, 2008, I recounted in great detail all the known information about the processing of plaintiffs' claims for disability compensation under the District of Columbia Comprehensive Merit Personnel System Act. See Winstead v. District of Columbia, 538 F. Supp. 2d 104 (D.D.C. 2008).  In a subsequent decision, I indicated that the section of my March 12, 2008 opinion that recounted that history would be deemed admitted unless a party objected to it within ten days of that decision.  See Winstead v. District of Columbia, 620 F. Supp 2d. 119, 123 (D.D.C. 2009).  In that same decision, I indicated that I had concluded that the delay encountered by plaintiffs in the processing of their claims might offend the due process clause and I indicated that I was permitting a 120 day period of discovery to "flesh out the facts bearing on the inquiry that must be made." Id.  I intended thereby to permit discovery into the

nature of the delay, insofar as it was not already elucidated in the history of each of the plaintiffs'

claims, set out in the March 12, 2008 opinion.  Additionally, I urged the parties to consider

discovery as to several other issues, i.e., whether plaintiffs' success on their constitutional claim

should be  a function of their ultimate success or failure, whether those plaintiffs who were still

awaiting action had any claim, and what damages, if any, were available. Id.

**DISCUSSION**

Plaintiffs propounded additional discovery but none of it has anything to do with the

issues I identified.  The interrogatories are the kind that would be promulgated if these cases

were at their inception.  They request, for example, 1) the names of the persons who investigated

the claims, 2) the dates of payment, 3) the treating physicians, 4) the nature of the injuries, 5)

whether and when payments were made, 6) the names of expert witnesses (as to plaintiffs'

treatment?) and 7) whether the District contends a) aggravation of a prior injury, b) that plaintiffs

failed to provide timely notice of injury, or c) that plaintiffs suffered from a permanent

impairment or a wage loss.  In other words, it appears that plaintiffs' counsel took the

interrogatories he traditionally uses in these kinds of cases[1] and used them again here.

Similarly, plaintiffs' request to produce seeks 1) reports from non-existent experts, 2) the

medical records pertaining to the claims and the decision to terminate or suspend benefits, 3) a

contract between the District and a Third Party Administrator, 4) documents sent to that

Administrator and 5) the documents to be offered into trial.  Finally, plaintiffs' requests for

---

[1] There is one exception, an odd request that the District admit that Circuit Judge Silberman was correct in his description of what plaintiffs calls "the District's then-unwritten policy concerning benefits not being terminated until after requests for reconsideration had been addressed and rejected.  See Lightfoot v. District of Columbia, 448 F.3d 392, 401-402 (D.C. Cir. 2006) (Judge Silberman concurring)." Defendant's Motion for a Protective Order [#99], Attachment A, Interrogatory No. 21.  That interrogatory also has nothing to do with the delay plaintiffs encountered.

admission demand that the District admit that it has certain policies and that it applied those policies to plaintiffs.

None of this has any thing whatsoever to do with the issues I identified as being appropriate for the limited discovery I was permitting.  This discovery also ignores that I have already specified all that is known about the processing of these plaintiffs' complaints from the only records that could be found and concluded that I would deem these facts to be stipulated by the parties with the obvious understanding that this is what we know and will ever know about how the plaintiffs' cases were processed.  The additional discovery sought has therefore absolutely nothing to do with the issues that remain in this case: whether the delay in the processing of those claims, based on the now agreed facts, violated the due process clause.  I will therefore without hesitation prohibit it.

Finally, I have carefully reviewed the District's motion that I reconsider my most recent decision.  I can assure the District I arrived at it only after significant deliberation and I see no reason to reconsider it.

## CONCLUSION

It is therefore, hereby,

**ORDERED** that Defendants' Amended Motion for Reconsideration of the Court's Order Vacating its Order Granting Partial Summary Judgment in Defendants' Favor and Reinstating the Dismissed Plaintiffs [# 90] is **DENIED.**  It is further, hereby,

**ORDERED** that Defendants' Opposed Motion to Stay Discovery [#91] is **DENIED** as moot.  It is further, hereby,

**ORDERED** that Plaintiffs' Opposed Motion to Determine the Sufficiency of Answers to

Plaintiffs' First Requests for Admissions [#102] is **DENIED.**  It is further, hereby,

 **ORDERED** that Defendants' Motion for Reconsideration of the Court's Order Vacating its Order Granting Partial Summary Judgment in Defendants' Favor and Reinstating the Dismissed Plaintiffs [#89] is **DENIED** as moot.  It is further, hereby,

 **ORDERED** that Defendants' Motion to Treat Their Motion for Reconsideration as Conceded [#92] is **DENIED.**  It is further, hereby,

 **ORDERED** that Plaintiffs' Opposition to District of Columbia Defendants' Motion to Deem Motion for Reconsideration Conceded and Cross-Motion for Leave to File Opposition Out of Time [#94] is **GRANTED** nunc pro tunc.  It is further, hereby,

 **ORDERED** that Defendants' Motion for A Protective Order [#99] is **DENIED** as moot. It is further, hereby,

 **ORDERED** that Plaintiffs' Opposed Motion for Order Compelling Discovery [#103] is **DENIED** as moot.  It is further, hereby,

 **ORDERED** that Plaintiffs['] Opposed Motion for Order Compelling Discovery [#107] is **DENIED** as moot in light of the Parties['] Notice to the Court Regarding Plaintiffs' Second Motion to Compel [#108].  The time has now come to try this case and enter judgment.  It is also therefore, hereby,

 **ORDERED** that counsel shall meet and confer and agree upon proposed dates for a one-week trial to be held in July or August of 2010.  Once they have agreed upon dates, they should confer with my chambers to set a status conference to set those dates and to set a date for a pre-trial conference.

 **SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE