UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES WINSTEAD**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **THE DISTRICT OF COLUMBIA**, *et al.*, <br><br> Defendants. | Civ. A. No. 04-887 (JMF) |

**MEMORANDUM OPINION**

This case is before me for all purposes including trial. Currently pending before me and ready for resolution is the District of Columbia's Motion in Limine [#111] ("Defs. Mot."). For the reasons stated below, the motion will be granted in part and denied in part.

**BACKGROUND**

Plaintiffs are eleven current or former District of Columbia employees and the estates of two former District of Columbia employees who have made claims for disability compensation pursuant to the District of Columbia Comprehensive Merit Personnel System Act ("CMPA").[1] Winstead v. District of Columbia, 538 F. Supp. 2d 104, 107 (D.D.C. 2008). Defendants are 1) the District of Columbia, 2) Mayor Anthony Williams,[2] and 3) James Jacobs, Director of the

---

[1] On May 21, 2007, the estates of two individual plaintiffs were substituted as plaintiffs.

[2] Mayor Adrian Fenty was elected in November, 2006, and therefore replaces Mayor Williams as a named defendant. See http://dc.gov/mayor/bios/fenty.shtm (last visited March 4, 2008).

Office of Risk Management.[3] Id. Both Williams and Jacobs are sued in their official capacities. Id.

On March 12, 2008, the Court granted in part and denied in part the District of Columbia Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment. Specifically, the Court: 1) granted defendant's motion to dismiss as to plaintiffs' § 1983 claim that the CMPA was facially unconstitutional; 2) granted defendant's motion to dismiss plaintiffs' § 1985 claim that defendants conspired to deprive plaintiffs of due process; 3) granted defendant's motion for summary judgment as to Morgan, Irving, Winstead, Beale, Newby, Owens and Waley; and 4) denied defendant's motion for summary judgment as to Tara Rogers, Patricia Hayden, and Denise Downing. Winstead, 538 F. Supp. 2d at 107-09, 129-30.

On June 3, 2009, the Court conditionally granted Plaintiffs [sic] (George Morgan, Juanita Irving, James Winstead, Louis Beale, Patricia Newby, Sheila Owens and Mary Wale) Motion for Reconsideration of the January 26, 2009 Order, thereby vacating the March 12, 2008 opinion, save for the Statement of Undisputed Material Facts. The parties were warned that, unless either side filed an objection within ten days, the facts stated in that Statement would be deemed true and would serve as the factual premises of the Court's subsequent actions. See Winstead v. District of Columbia, 620 F. Supp. 2d 119, 123 (D.D.C. 2009). In that same opinion, the Court also deemed authentic the statements in the Orders attached to plaintiffs' three Notices Regarding Supplemental Authority, found at [#74], [#75], and [#76], insofar as they detailed additional events in the administrative proceedings relating to three named plaintiffs, i.e., Mary

---

[3] Defendant Computer Literacy World/Creative Disability Management was terminated as a party on October 29, 2005. See Stipulation of Dismissal Without Prejudice [#20].

Waley, George Morgan and James Winstead. Finally, the Court granted plaintiffs four additional months within which to conduct additional discovery.

Neither party filed objections to the Court's statement of facts. In addition, although plaintiffs propounded additional discovery, none of it was deemed relevant to the nuanced, fact-based analysis the Court indicated it must conduct in assessing plaintiffs' due process claims. See Winstead, 620 F. Supp. 2d at 121 (discussing Krabel v. N.Y. City Dep't of Hous. Pres. and Dev., 959 F.2d 395, 406 (2d Cir.), cert. denied, 506 U.S. 917 (1992)). At no point did plaintiffs ever move to amend the Amended Complaint.

## DISCUSSION

I.  The Admissibility of Evidence that Post-Dates the Filing of the First Amended Complaint

The District argues that plaintiffs should be precluded from presenting any evidence at the liability phase of the trial that post-dates the filing of their Amended Complaint. Defs. Mot. at 7.

In their opposition, plaintiffs argue that, even though they did not file amended complaints each time reconsideration orders, for example, were issued, the District was in no way prejudiced by their failure to do so. Plaintiff's [sic] Opposition To District Of Columbia's Motion In Limine ("Plains. Opp.") at 5. Plaintiffs also argue that, because their administrative claims remained viable after the date they filed their federal suit, there is no reason to preclude the admission of evidence relating to those claims, even if that evidence post-dates the filing of the lawsuit. Id. at 6. Finally, plaintiffs argue that the District failed to establish that the Court's September 27, 2004 decision in Lightfoot v. District of Columbia, 339 F. Supp. 2d 78 (D.D.C. 2004), clarified on denial of reconsideration by Lightfoot v. District of Columbia, 355 F. Supp.

3

2d 414 (D.D.C. 2005), reversed and remanded by Lightfoot v. District of Columbia, 448 F.3d 392 (D.C. Cir. 2006), in which the Court enjoined the District from terminating, suspending, or modifying benefits, applies to plaintiffs and that therefore, plaintiffs are in no way precluded from offering evidence that post-dates that opinion. Id.

First, both sides are bound by the facts already deemed admitted, whenever the occurred. In this case, that means the combination of the facts as stated by the Court in its March 12, 2008 opinion, deemed admitted ten days after the Court's June 3, 2009 opinion, as well as the facts stated in the three attachments appearing in the docket at [#74], [#75], and [#76]. In other words, because plaintiffs had ample opportunity both to move to amend the complaint and both parties had the opportunity to respond to the Court's June 3, 2009 show cause order regarding the Statement of Undisputed Material Facts, the key dates in this litigation are those which have been deemed established on the record, even if they post-date the filing of the Amended Complaint on June 8, 2004. The following chart identifies those relevant end dates for each of those plaintiffs:

| Plaintiff | End Date | Source of Date |
| --- | --- | --- |
| Tara Rogers | June 16, 2006 - Disability Compensation Program ("DCP") issued Final Decision on Reconsideration. | Statement of Undisputed Material Facts re Rogers at ¶ 36 (See Memorandum Opinion [#65] at 11). |
| Patricia Hayden | April 24, 2007 - DCP issued Final Decision on Reconsideration. | Statement of Undisputed Material Facts re Hayden at ¶ 32 (See Memorandum Opinion [#65] at 16). |

4

| | | |
|---|---|---|
| George Morgan | October 24, 2008 - DOES Labor Standards Bureau issued Compensation Order. | Notice Regarding Supplemental Authority [#75] at Exhibit 1. |
| Denise Downing | December 20, 2002 - Downing received Department of Employment Services' ("DOES") Office of Hearings and Adjudication Order Granting Pre-Hearing Conference. | Statement of Undisputed Material Facts re Downing at ¶ 8 (See Memorandum Opinion [#65] at 18). |
| Juanita Irving | April 16, 2004 - D.C. Court of Appeals issued Order denying petition. | Statement of Undisputed Material Facts re Irving at ¶ 18 (See Memorandum Opinion [#65] at 20). |
| James Winstead | December 10, 2008 - DOES Labor Standards Bureau issued Compensation Order. | Notice Regarding Supplemental Authority [#76] at Exhibit 1. |
| Louis Beale | June 2, 2006 - DCP issued Final Decision on Reconsideration. | Statement of Undisputed Material Facts re Beale at ¶ 35 (See Memorandum Opinion [#65] at 30-31). |
| Patricia Newby | June 28, 2004 - Newby received a letter from DCP indicating she was not eligible | Statement of Undisputed Material Facts re Newby at ¶ 13 (See Memorandum Opinion [#65] at 33). |

| | for compensation. | |
|---|---|---|
| Sheila Owens | May 19, 2006 - Owens received a Notice of Determination Regarding Original Claim for Compensation from DCP indicating her claim had been accepted. | Statement of Undisputed Material Facts re Owens at ¶ 9 (See Memorandum Opinion [#65] at 34). |
| Mary Waley | November 4, 2008 - DOES Labor Standards Bureau issued Compensation Order. | Notice Regarding Supplemental Authority [#74] at Exhibit 1. |

I appreciate that plaintiffs, invoking Rule 15(d) of the Federal Rules of Civil Procedure in a footnote, state: "the plaintiffs move to supplement their pleadings to include the issuance of Reconsideration Orders, payment of awards and other subsequent events otherwise materially affecting the plaintiffs' claims. See Fed. R. Civ. P. (15)(d)." Plaintiffs' Amended Motion for Leave to File Surreply in Opposition to Defendants' Motion in Limine [#126] at 5 n. 6. Rule 15(d) provides, however, that "[o]n motion and reasonable notice, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 7 of the Federal Rules of Civil Procedure requires that such a motion be in writing, and our local rules require that any such motion must be accompanied by the amended pleading. Lemmons v. Georgetown Univ. Hosp., 241 F.R.D. 15, 30 (D.D.C. 2007) (quoting Rule 7(i) of the Local Civil Rules). Plaintiffs

have never complied with these requirements. Therefore, plaintiffs' cases will rise and fall on (1) the allegations in the Amended Complaint and (2) the facts, deemed admitted, in the above chart.

II.     The Admissibility of Evidence that Pre-Dates the Alleged Due Process Violations

The District also argues that because the gravamen of plaintiffs' complaint is that they suffered a violation of their procedural due process rights from the time they filed their requests for reconsideration to the date of the current lawsuit, evidence relating to events, including alleged delays, which occurred before they filed their requests for reconsideration, are irrelevant. According to the District, any claims plaintiffs may have regarding pre-deprivation violations were subsumed within the pending litigation in Lightfoot. Plaintiffs, on the other hand, aver that "[t]he parties agree that the relevant period should begin with the filing of the plaintiffs' claims." Plains. Opp. at 4.

In Lightfoot v. District of Columbia, 448 F.3d 392 (D.C. Cir. 2006), the Court of Appeals held that plaintiffs could not assert a due process claim on the grounds that an agency must proceed through rulemaking, as opposed to on a case by case basis, when establishing standards "that may be used to restrict an administrative agency's decision to terminate or modify a protected liberty or property interest." Id. at 398. The Lightfoot decision therefore precludes plaintiffs from claiming that their pre-deprivational due process rights were violated by delays in the processing of their claims. Evidence that pre-dates the filing of plaintiffs' requests for reconsideration in the administrative process, therefore, will not be admissible.

III.    The Admissibility of Evidence Tending to Show that the District Acted with Deliberate Indifference

7

Third, the District contends that plaintiffs should be precluded from arguing that the District acted with deliberate indifference because they "have failed to develop a record that could support a *prima facie* case under Monell v. Department of Social Services, 436 U.S. 658 (1978), in which the Supreme Court held that a municipality may be liable under 42 U.S.C. § 1983 for a constitutional violation *only* if the violation results directly and proximately from a municipal policy or custom." Defs. Mot. at 12 (emphasis in original). The District adds further that in order "[t]o support an allegation of deliberate indifference, the plaintiffs must [ ] provide evidence that a policymaker knew or should have known that actions likely to violate constitutional protections were ongoing, and that the policymaker, knowing this, did nothing." Id. at 13 (citations omitted).

Whether, as the District characterizes it, the record is "utterly bereft" of any evidence of the District's deliberate indifference towards the timely processing of plaintiffs' claims, is an issue to be determined by the finder of fact upon consideration of all of the evidence presented. At this stage, plaintiffs are free to advance their theory of liability and introduce any evidence they believe supports that theory. See Stobie Creek Investments, LLC v. U.S., 81 Fed. Cl. 358, 360 (Fed. Cl. 2008) ("The basic purpose of a motion in limine is to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance on the admissibility of *documentary or testimonial evidence* and thus expedite and render efficient a subsequent trial.") (internal quotations omitted) (emphasis added); C & E Services, Inc., v. Ashland, Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion *in limine* should not be used to resolve factual disputes or weigh evidence.") (internal citations omitted).

IV. <u>The Admissibility of Evidence of Pain and Suffering in Support of Plaintiffs' Claims for Damages</u>

The District's final argument is that plaintiffs should be precluded from offering any evidence regarding alleged damages for pain and suffering. Defs. Mot. at 15. According to the District, since plaintiffs have neither alleged nor produced any evidence of mental or physical injury and since compensatory damages must be proven, plaintiffs should not be allowed to make such arguments at trial. <u>Id.</u>

Plaintiffs, on the other hand, argue that damages under § 1983 for mental and emotional distress are compensable even in the absence of physical injury. Plains. Opp. at 11. Citing <u>Carey v. Piphus</u>, 435 U.S. 247, 263-64 (1978), plaintiffs also contend that proof of mental injury may be established merely by the nature and circumstances of the procedural due process violation. <u>Id.</u> at 11-12.

Damage awards under § 1983 are similar to those made for common law tort violations. <u>Memphis Cmty. Sch. Dist. v. Stachura</u>, 477 U.S. 299, 305-06 (citing <u>Carey</u>, 435 U.S. at 253). However, rather than compensating the plaintiff for an injury caused by the defendant's breach of duty, the plaintiff is compensated for having suffered a deprivation of his constitutional rights. <u>Id.</u> at 306-07 (internal citations and quotations omitted). "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . personal humiliation, and mental anguish and suffering.'" <u>Id.</u> at 307 (quoting <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 350 (1974)). <u>Accord</u> <u>Carey</u>, 435 U.S. at 264 ("[M]ental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983.").

In order for a plaintiff to recover such compensatory damages, he or she must have proof of the injury. Carey, 435 U.S. at 266. Nominal damages, on the other hand, may be awarded without proof of any actual injury: "Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of the claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed . . . the denial of procedural due process [is] actionable for nominal damages without proof of actual injury." Id. (internal citations and quotations omitted). As reiterated by the Supreme Court in a later decision, "[t]he awarding of nominal damages for the 'absolute' right to procedural due process 'recognizes the importance to organized society that [this] right be scrupulously observed' while 'remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury.'" Farrar v. Hobby, 506 U.S. 103, 112 (1992) (quoting Carey, 435 U.S. at 266)).

In the Amended Complaint, plaintiffs seek compensatory and punitive damages. See Amended Complaint ("Amend. Compl.") ¶¶ 97-104. Because plaintiffs do not seek nominal damages, plaintiffs must therefore provide proof of their damages. In their Amended Complaint, plaintiffs focus on the emotional distress they suffered rather than any physical injuries: "Plaintiffs have suffered great emotional distress and anguish that resulted in Plaintiffs incurring psychological damages and distress." Amend. Compl. ¶ 100. While it is true, as the District notes, that plaintiffs offer nothing more than their own testimony as to the effect that the deprivation of their due process rights has had on their emotional state that is all that plaintiffs are required to offer in this circuit:

> Under precedent from this circuit, therefore, the plaintiff may recover substantial damages for physical injuries, pain and suffering and emotional distress proximately caused by the defendants' violation of his [constitutional rights]. As to proof of such actual injury, there is no support for defendants' contention that the plaintiff must offer expert medical testimony or medical records to prove actual injury proximately caused by violations of [constitutional] rights. Indeed, the Court has noted that actual injury may be shown by 'competent evidence' in § 1983 actions and that mental suffering and emotional anguish 'may be evidenced by one's conduct and observed by others.'"

Burns v. Long, No. 84-CV-3031, 1992 WL 29971, at *6 (D.D.C. Feb. 7, 1992 (quoting Carey, 435 U.S. at 264 n.20). See also Hobson v. Wilson, 737 F.2d 1, 62 (D.C. Cir. 1984), overruled in part on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Cooordination Unit, 507 U.S. 163 (1993) ("[T]he factfinder may measure plaintiff's testimony in light of the surrounding circumstances, and in proper circumstances, award damages on the basis of plaintiff's testimony. In reaching its conclusion, the court or jury may consider, as elements of a compensable injury for emotional distress, humiliation and personal indignity, emotional pain, embarrassment, fear, anxiety and anguish.").

Because plaintiffs never sought nominal damages, the only issue for the finder of fact is whether those plaintiffs who have proven liability also have presented sufficient evidence at trial to merit an award of compensatory damages. It is therefore not appropriate to preclude plaintiffs from offering such testimony at trial.

An Order accompanies this Memorandum Opinion.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE